```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____

MICHAEL CHARLES and JULIE
ETTA SENISCH,

               Plaintiffs,          Civil No. 16-47 (NLH/KMW)
v.
                                    OPINION
TRACTOR SUPPLY COMPANY, et al.,

               Defendants.
_____
```

**APPEARANCES:**

Michael Charles Senisch
Julie Etta Senisch
38 Pindale Drive
Bridgeton, NJ 08302
    *Plaintiffs Pro Se*

Michael L. Trucillo
Lewis Brisbois Bisgaard & Smith, LLP
One Riverfront Plaza
Suite 350
Newark, NJ 07102
    *Attorney for Defendant Gallagher Bassett Services, Inc.*

**HILLMAN, District Judge**

Presently before the Court is a motion to dismiss filed by Defendant Gallagher Bassett Services, Inc.  For the reasons that follow, the motion [Doc. No. 5] will be granted.

I.   JURISDICTION

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1332, based on diversity of citizenship.  Plaintiffs are citizens of the State of New Jersey.  Defendant Tractor Supply Company is a citizen of Delaware and Tennessee.  Defendant

1

Gallagher Bassett Services, Inc. is a citizen of Delaware and Illinois.  Defendant the Keith Corporation is a citizen of North Carolina.  Defendant AON Corporation is a citizen of London, England.  The amount in controversy exceeds $75,000.

## II.   BACKGROUND

This personal injury action stems from a trip and fall event which occurred on November 29, 2013 at the Tractor Supply Company ("TSC") store in Vineland, New Jersey.  (Notice of Removal, Exhibit A, Compl. ¶ 9 [Doc. No. 1-1].)  Plaintiff Michael Senisch alleges he was severely injured when he fell over a platform type shopping cart in front of the store.  (Compl. ¶ 12.)  Plaintiff's complaint for premises liability contains five counts: (1) negligence; (2) negligence via res ipsa loquitor; (3) negligence via strict liability; (4) negligence per se; and (5) loss of consortium on behalf of Plaintiff's wife, Julie Etta Senisch.

In its motion to dismiss, Defendant Gallagher Bassett Services, Inc. ("Gallagher") argues that it is improperly named as a defendant because it is only a third party claims administrator for TCS.  It further argues it does not own, operate, control or exercise any possessory interest over TSC's Vineland, New Jersey store and does not engage in any business operations on behalf of TSC.  Accordingly, the essence of

Gallagher's motion is that it did not owe Plaintiffs a duty of care.

### III. STANDARD OF REVIEW

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a court must accept all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  See Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims[.]'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 563 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions[.]'") (citation omitted).  The Third Circuit has instructed district courts to conduct a two-part analysis in deciding a motion to dismiss.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).

First, a district court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Fowler, 578 F.3d at 210-11 (citing Iqbal, 129 S. Ct. at 1949). Second, a district court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" Id. at 211 (quoting Iqbal, 129 S. Ct. at 1950). "[A] complaint must do more than allege the plaintiff's entitlement to relief." Id. "'[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' - 'that the pleader is entitled to relief.'" Id. (quoting Iqbal, 129 S. Ct. at 1949); see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) ("The Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element.") (quoting Twombly, 550 U.S. at 556).

A court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-

30 (3d Cir. 1997).  The defendant has the burden of demonstrating that no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005) (citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV.  DISCUSSION

Gallagher argues that Plaintiffs' claims against it must be dismissed because it did not owe Plaintiffs a duty of care and Gallagher is not liable for any conditions on TSC's premises.  In support of this proposition, Gallagher relies on the certification of its Vice President who avers that the company is only involved in adjusting liability claims and does not "own, operate or hold any possessory rights over TSC or any property associated with TSC's business operations."  (Cert. of Dewey Barnes ¶ 5).

The certification Gallagher presents in support of its motion to dismiss goes beyond the pleadings and, therefore, will not be considered.  See Fed. R. Civ. P. 12(b).  Nonetheless, the Court finds Plaintiffs have not plausibly stated a claim against Gallagher.  Plaintiffs allege that "Tractor Supply Company, et al." owed a duty of care as the owners of a business property, breached that duty by maintaining an obstructed walkway, which caused Plaintiff Michael Senisch serious injury.  (Compl. ¶ 97.)

Plaintiffs, however, fail to allege how Gallagher had any involvement in the condition of the premises or provide any other reason why Gallagher would be liable.  See Fowler, 578 F.3d at 211 ("[A] complaint must do more than allege the plaintiff's entitlement to relief.").  Plaintiffs' only allegations regarding Gallagher's involvement concern communications Gallagher made on behalf of TSC regarding Plaintiffs' claim.  However, these communications are insufficient to plausibly suggest Gallagher owed a duty to Plaintiffs or are in any other way liable for Plaintiffs' injuries.  Therefore, Plaintiffs have not plausibly stated a claim against Gallagher.

**V.   CONCLUSION**

For the reasons expressed above, Gallagher Bassett's motion to dismiss will be granted.  An appropriate Order will be entered.

Dated: May 26, 2016                    ___s/ Noel L. Hillman_____
                                       NOEL L. HILLMAN, U.S.D.J.
At Camden, New Jersey